IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PROGRESSIVE UNIVERSAL INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>     vs.<br><br>L. P., a minor; ARMANDO PORTILLO, individually; NORMA PORTILLO, individually;  VALLEY AMBULANCE SERVICES, INC.;  KIMBALL COUNTY HOSPITAL d/b/a Kimball Health Services;  REGIONAL WEST MEDICAL CENTER;  REGIONAL WEST PHYSICIANS CLINIC;  NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES; MED-TRANS CORPORATION; UNIVERSITY PHYSICIANS INC.; and CHILDREN'S HOSPITAL COLORADO,<br><br>             Defendants. | CASE NO. 4:13CV3032<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Plaintiff's Application for Attorneys' Fees and Costs (Filing No. 27). The Plaintiff has filed a brief and index of evidence to support its Application. (Filing Nos. 28, 29.) The Plaintiff filed its Application on April 2, 2013, certifying that it caused a copy of it to be served on the Defendants by electronic mail and first class United States mail on that same date. (Filing No. 27 at 3-4.) The time for filing briefs opposing the Plaintiff's Application has passed. *See* NECivR 7.1(b)(1). For the reasons discussed below, the Plaintiff's unopposed Application will be granted.

BACKGROUND

Plaintiff filed this interpleader action on February 11, 2013, and its Amended Complaint for Interpleader ("Complaint") (Filing No. 12) on February 25, 2013. On March 4, 2013, Plaintiff notified the Court that, on the same date it filed its Complaint,

Plaintiff served the Defendants with the Complaint by electronic mail and first class United States mail. (Filing No. 16.) On March 18, 2013, the Court granted the Plaintiff's Motion to Enjoin Other Actions; To Discharge Plaintiff Progressive; and To Stay Progression Deadlines as to Plaintiff. (Filing Nos. 3, 24.) The Court directed Plaintiff to deposit with the Clerk of the Court $25,000.00 of insurance proceeds relating to the automobile insurance policy referenced in the Complaint. The Clerk of the Court received the $25,000.00 on March 21, 2013. (*See* Docket Sheet.)[1]

In its Application, the Plaintiff requests an order awarding it $3,906.00 from the interpleaded funds for the costs and attorneys' fees it incurred in bringing this interpleader action.

## DISCUSSION

"A federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so." 7 Charles Alan Wright et al., Federal Practice & Procedure ("FPP") § 1719 (3d ed.); *Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940) ("Since the court had jurisdiction of the [interpleader] suit, there can be no question of its power to make reasonable allowances for attorneys' fees."); *Prudential Ins. Co. of Am. v. Tomes*, 45 F. Supp. 353, 356 (D. Neb. 1942). Courts, however, tend to not exercise this discretion unless the interpleading party is a "mere

---

[1] The Court notes that in its March 18, 2013, Memorandum and Order, the Court directed the Plaintiff to file a notice with the Court indicating that it had deposited the $25,000.00 with the Clerk of the Court and that the Plaintiff would then be dismissed from the action, with prejudice. (Filing No. 24.) Although the Plaintiff deposited the $25,000.00 with the Clerk of the Court, the Plaintiff has not filed a formal notice indicating that it deposited the funds with the Clerk of the Court and requesting that it be dismissed from the action, and the Plaintiff has filed another motion that remains pending at this time. (*See* Filing No. 25.) Therefore, the Court will not dismiss the Plaintiff from the action at this time.

stakeholder," because doing so diminishes the deposited funds.  *See N.Y. Life Ins. Co. v. Miller*, 139 F.2d 657, 658 (8th Cir. 1944) ("We think that the appellant was entitled to an allowance for attorneys' fees out of the fund deposited in the registry of the court. The record discloses that the appellant was a disinterested stakeholder acting in good faith and on the advice of counsel[.]"); *see also* FPP § 1719.  That is, courts tend to exercise their discretion to award costs and attorney fees in interpleader actions only "if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." *Metro. Life Ins. Co. v. Kubichek*, 83 F. App'x 425, 431 (3d Cir. 2003); FPP § 1719 ("Typically they are available only when the party initiating the interpleader is acting as a mere stakeholder, which means that the party has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability.").

   None of the parties disputes that the Plaintiff is a disinterested stakeholder who has conceded liability for the $25,000.00 policy limits; the record reflects that the Plaintiff paid the $25,000.00 into the Clerk of the Court on March 21, 2013; and the Plaintiff is seeking to be discharged from liability in this action now that it has paid the $25,000.00 into the Clerk of the Court.  Furthermore, none of the parties disputes that the $3,906.00 the Plaintiff seeks to recover from the deposited funds is a reasonable amount for the work done to bring this interpleader action.  Therefore, the Court finds that it is fair and equitable to award the Plaintiff its requested attorneys' fees and costs; the request is supported by the Plaintiff's Index of Evidence; and the Plaintiff's Application will be granted.

Accordingly,

IT IS ORDERED:

1. The Plaintiff's unopposed Application for Attorneys' Fees and Costs (Filing No. 27) is granted; and

2. The Clerk of the Court is directed to release $3,906.00 from the $25,000.00 of deposited funds to the Plaintiff, at the following address:

    Progressive Universal Insurance Company
    c/o Renee A. Eveland
    Wolfe Snowden Hurd Luers & Ahl, LLP
    Wells Fargo Center
    1248 O Street, Suite 800
    Lincoln, NE 68508.

Dated this 30th day of April, 2013.

                                              BY THE COURT:

                                              s/Laurie Smith Camp
                                              Chief United States District Judge