IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PROGRESSIVE UNIVERSAL INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>     vs.<br><br>L. P., a minor; ARMANDO PORTILLO, individually; NORMA PORTILLO, individually; VALLEY AMBULANCE SERVICES, INC., REGIONAL WEST MEDICAL CENTER, REGIONAL WEST PHYSICIANS CLINIC, NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, MED-TRANS CORPORATION, UNIVERSITY PHYSICIANS INC., CHILDREN'S HOSPITAL COLORADO, KIMBALL COUNTY HOSPITAL,<br><br>               Defendants. | CASE NO.  4:13CV3032<br><br>AMENDED<br>ORDER OF DISMISSAL |

This matter is before the Court on the Plaintiff's Motion for Dismissal (Filing No. 37). No response has been filed by any other party. For the reasons discussed below, the Plaintiff's Motion will be granted.

BACKGROUND

Plaintiff Progressive Universal Insurance Company ("Progressive") filed this interpleader action on February 11, 2013 ("Complaint") (Filing No. 1), relating to $25,000 in proceeds from an automobile insurance policy, Policy No. 900370324 (the "Policy"), connected to a 2003 Dodge Durango involved in an accident.  Progressive alleged in its Complaint that it is a Wisconsin corporation with its principal place of business in Ohio, and that Defendants who may claim an interest in the $25,000 are residents of Nebraska, North Dakota, and Colorado.  (*Id.* at ¶¶ 1-13.)  The payment limit

under the Policy was $25,000.00.  (*Id.* at ¶ 18.)  On March 18, 2013, the Court entered an Order permitting Progressive to deposit $25,000 in insurance proceeds with the Court (Filing No. 24).  The Order required Progressive to file a notice indicating that the proceeds had been deposited, and provided that once the notice was filed, all parties named in this lawsuit and claiming an interest in the insurance proceeds would be enjoined from instituting or prosecuting any proceeding in any state or federal court seeking those proceeds or any portion of them.  Progressive deposited the $25,000 with the Court on March 21, 2013 (*See* docket).  Progressive also sought, and was awarded attorney's fees (Filing No. 30).

Shortly after the Order was filed, this matter was referred to the United States Bankruptcy Court for the District of Nebraska (Filing No. 33).  On July 31, 2013, the Court withdrew its Order of Reference (Filing No. 35).  Progressive now renews its Motion to Dismiss, and the response time has passed with no objection or response from any other party.

## DISCUSSION

The primary purpose of an interpleader action is to limit the stakeholder's exposure to multiple liability.  *Whirlpool Corp. v. Ritter*, 929 F.2d 1318, 1320–21 (8th Cir. 1991), 28 U.S.C. § 1335.  As stated in its prior order, the Court has authority under 28 U.S.C. § 2361 to hear and determine the case, discharge the plaintiff from further liability, permanently enjoin all claimants from instituting or prosecuting any proceeding in any State or United States court affecting the obligation involved in the interpleader action, and make all appropriate orders to enforce its judgment.

> When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead; the court also may make any other order that is appropriate and convenient for the resolution of the competing claims.

7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1714 at 627 (3d ed. 2001) (footnotes omitted).

The Court has considered Progressive's Motion, which is not opposed by any of the defendants. The Court has determined that interpleader is available and that Progressive's exposure to liability should be limited. For the reasons discussed in the Court's prior order, and based on the record before the Court, Progressive's Motion will be granted. Accordingly,

IT IS ORDERED:

1. Plaintiff Progressive Universal Insurance Company's Motion for Dismissal (Filing No. 37), is granted;

2. Plaintiff Progressive Universal Insurance Company is dismissed as a party in this proceeding, with prejudice;

3. Plaintiff Progressive Universal Insurance Company and its affiliates are discharged from further liability relating to $25,000 in proceeds from an automobile insurance policy, Policy No. 900370324, connected to a 2003 Dodge Durango involved in an accident;

4. The Clerk of the Court shall continue to hold the balance of the funds deposited by Plaintiff Progressive Universal Insurance Company in the

       registry of the Court, invested in an interest-bearing account, until further notice of the Court;

5. Defendants, together with their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, are hereby restrained and enjoined from instituting or prosecuting any action against Plaintiff Progressive Universal Insurance Company in any state or federal court for the recovery of the funds or otherwise affecting the funds at issue in this case; and

6. Plaintiff Progressive Universal Insurance Company will serve copies of this Order on all parties, and file proof of service within ten days of this Order.

Dated this 25th day of September, 2013.

                                        BY THE COURT:

                                        s/Laurie Smith Camp
                                        Chief United States District Judge